[S. F. No. 7118.   In Bank.—September 4, 1914.]

CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), WILLIAM McDEVITT et al., as and Composing the Board of Election Commissioners of the City and County of San Francisco, Suing in Behalf of Said Corporation and Said Board, and Also in Behalf of All Others Similarly Situated, Petitioners, v. FRANK C. JORDAN, as Secretary of State of the State of California, Respondent.

ELECTION—FORM OF BALLOT—PROPOSITION CONCERNING SAN FRANCISCO HARBOR BONDS—PLACE ON BALLOT.—The secretary of state, in preparing the ballot to be used at the general election of November, 1914, at which many proposed laws and constitutional amendments are to be submitted to the electors of the whole state, performs the duty imposed on him by subdivision 9 of section 1197 of the Political Code, and by the provisions of the act of 1913 concerning the issue of San Francisco harbor bonds (Stats. 1913, p. 1122), in placing the proposition involving the issuance of such bonds at the end of all the propositions to be submitted to the electors of the whole state, and before the questions of purely municipal or local significance.

ID.—CONSTRUCTION OF SECTION 1197 OF POLITICAL CODE—PROPOSITIONS OF STATE-WIDE APPLICATION.—Section 1197 of the Political Code provides the general order and arrangement of the ballot which is to be submitted to the people. First upon the ballot shall come the names of all candidates for all offices, whether national, state, district, county or municipal. Following the names of these candidates and "at the right of the last column of names of candidates" in "another column of sufficient width" shall be placed in the order determined by the secretary of state, "all questions and propositions which are to be submitted to the vote of the electors." This means all such questions and proposed laws of state-wide application on the approval or rejection of which every elector may speak.

ID.—CONSTRUCTION OF SAN FRANCISCO HARBOR BOND ACT—PLACING AT END OF BALLOT.—The declaration in the San Francisco Harbor Bond Act that the question of its acceptance or rejection should be submitted "at the end" of the ballot, means no more than to designate that it should take its place after the names of candidates as provided by subdivision 3 of section 1197 of the Political Code. It was equivalent to saying that such proposition should take the place on the ballot provided for it by law.

ID.—PLACING QUESTIONS OF MUNICIPAL OR LOCAL SIGNIFICANCE.—Questions of purely municipal or local significance should be placed upon the ballot after the names of all candidates and after the submission of all questions calling for state-wide determination by the electors.

APPLICATION for a Writ of Mandate directed to the Secretary of State of the State of California.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, Thos. V. Cator, and William McDevitt, for Petitioners.

THE COURT.—This is a petition for mandate directed against the secretary of state. It alleges that pursuant to law forty-eight questions and propositions, including proposed laws and constitutional amendments are to be submitted to the electors of the whole state at the ensuing general election to be held in November. It alleges that one of these propositions concerns the issue of San Francisco harbor bonds. (Stats. 1913, chap. 602, p. 1122.) This statute in terms provides that this bonding proposition shall be submitted to the electors of the state at the general election to be held in November, 1914, "and all ballots at said election shall have printed thereon and at the end thereof" the proposition in the alternative so to be voted on.

The petition further points out that subdivisions 3 and 9 of section 1197 of the Political Code declare (sub. 3) that "The order in which all questions and propositions (including proposed laws and constitutional amendments), which are to be submitted to the vote of the electors, shall appear upon the ballot shall be determined by the secretary of state," and (subdivision 9) that "Whenever any question, proposition or constitutional amendment is to be submitted to the vote of the electors, there shall be printed at the right of the last column of names of candidates, another column of sufficient width, with voting squares in which such question, proposition or constitutional amendment shall be designated, which designation shall consist of a statement prepared as hereinbefore provided for and opposite such question, proposition or constitutional amendment to be voted on, in separate lines, the words 'Yes' and 'No' shall be printed." Further it is shown that acting under the authority so vested in him by subdivisions 3 and 9 the secretary of state in arranging the order has placed this harbor improvement bond proposition the last upon the list of state-wide propositions under the designation of "No. 48."

Next it is alleged that certain propositions of local conse-
quence, municipal questions, are to be voted upon by the
electors of San Francisco as well as by the electors of other
municipalities, and that the secretary of state has failed to
designate upon the official ballot the place or places which
shall be assigned to such questions of local or municipal cogni-
zance. It is then finally asserted that it is a duty of the
secretary of state imposed upon him by subdivision 9 above
quoted to make such designation and that it is his additional
duty under the provisions of the Harbor Improvement Act
above quoted to place this last named proposition at the very
literal end of the ballot following all other propositions of
state-wide or local consideration. Wherefore, it is contended
that the place fixed upon the ballot by the secretary of state
for this harbor improvement proposition is illegal, and that
the secretary of state has failed in the performance of his
duty in neglecting and refusing to fix and determine the
place upon the ballot where municipal questions and proposi-
tions shall be inserted and printed.

While we are of the opinion that the application for man-
date should be denied, as the question of the construction of
our ballot law is one of public consequence it is fitting that
the reasons for this denial should be briefly expressed. They
are these: The law leaves no doubt as to the general order
and arrangement of the ballot which is to be submitted to
the people. First upon the ballot shall come the names of all
candidates for all offices, whether national, state, district,
county, or municipal. Following the names of these candi-
dates and "at the right of the last column of names of candi-
dates" in "another column of sufficient width" shall be placed
in the order determined by the secretary of state "all ques-
tions and propositions" (including proposed laws and con-
stitutional amendments) "which are to be submitted to the
vote of the electors." This means all such questions and pro-
posed laws of state-wide application on the approval or re-
jection of which every elector may speak. When the Harbor
Improvement Bond Act declared by its terms that the question
of its acceptance or rejection should be submitted "at the
end" of the ballot, in our view it meant no more than to
designate that it should take its place after the names of
candidates as provided by subdivision 3 of section 1197 of the
Political Code. It was equivalent to saying that such proposi-

tion should take on the ballot the place provided for it by law. But even if it be conceded that it means more than that, still it must be construed as containing nothing other than a direction to the secretary of state that he should give it the last place amongst all the propositions to be submitted to the electors of the state. This is the view of the secretary of state, and this is, in fact, what he has done, so that it appears upon the face of the petition that the secretary of state in this respect has fully and fairly complied with the provisions of the law and that the contention of petitioners that this proposition must physically be printed as the very last word upon the ballot is untenable.

It follows herefrom that questions of purely municipal or local significance will be placed upon the ballot after the names of all candidates and after the submission of all questions calling for state-wide determination by the electors. Such being the place on the ballot which must be occupied by such questions, and since the secretary of state has so far as appears from this petition properly designated the places of candidates and the places of questions of state-wide cognizance, it necessarily follows that questions of local or municipal significance must follow these on the ballot and that, therefore, he has not failed in his duty in this respect.

For these reasons the petition for mandate is denied.